# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| TIMOTHY DEHERRERA, JR., | Cause No. CV-07-030-H-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND |
| DENISE DEYOTT, SECURITY MAJOR WOODS, ASSISTANT WARDEN ROSS SWANSON, DEPUTY WARDEN MYRON BEESON, JANE DOE CORRECTIONAL OFFICER, JANE DOE MAILROOM EMPLOYEE, MARK LOCKERY, AND JOHN DOE PROPERTY OFFICER, | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| | *(Defendants please see D. Mont. L.R. 12.2)*[1] |
| Defendants. | |

This matter comes before the Court on Plaintiff's Amended Complaint filed pursuant to

42 U.S.C. § 1983.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  On January 29,

2008, the Court conducted an initial prescreening of Plaintiff's Complaint, identified several

---

[1]Local Rule 12.2 provides, "In all cases proceeding under 28 U.S.C. § 1915, the defendant or respondent must file a notice of appearance at the time the first document, other than a return of the waiver of service of summons, is filed. Form C, Notice of Appearance in a Forma Pauperis Action, may be used for this purpose."

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE - CV-07-030-H-DWM-RKS  / PAGE 1

deficiencies, and provided Plaintiff an opportunity to file an amended complaint. (Document 6). On February 13, 2008, Plaintiff filed an Amended Complaint. (Document 7). In its prior Order, the Court specifically instructed Plaintiff that, "[t]he second amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint." (Document 6, p. 7). Accordingly, the Court will now conduct a prescreen of Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. PARTIES

Plaintiff is a state prisoner proceeding pro se who was granted permission to proceed in forma pauperis on March 2, 2007 in Civil Action No. 06-CV-69-H-DWM-RKS. He is incarcerated at the Montana State Prison in Deer Lodge, Montana.

Plaintiff has named as defendants the following employees of the Montana State Prison: Denise Deyott, mail room supervisor; Mark Lockery, property officer; Lynn Foster, property officer; Assistant Warden Ross Swanson, mail room and property supervisor; and Major Dennis Woods, mail room/property supervisor.

Although named in the original complaint, Plaintiff did not list Deputy Warden Myron Beeson; Jane Doe, correctional officer; Jane Doe, mail room employee; or John Doe, property officer as Defendants in his Amended Complaint. As Plaintiff was advised that the Amended Complaint would operate as a substitute for his original complaint, these individuals will be recommended for dismissal.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff presents allegations of discrimination, harassment, First Amendment violations,

and violations of prison policy. Specifically, he states that Defendants refused to give Plaintiff his family's letters as well as magazine subscriptions which he contends comply with prison mail policies, that his legal mail was not opened in his presence, that packages he sent from the prison never arrived at their destination, that packages were held for 42 days before being given to Plaintiff, and that Defendants discriminated against him by refusing to give him magazines that relate to his Mexican culture.

Plaintiff also states that on March 6, 2007, he was threatened by Defendants that if his wife did not stop calling the prison the line would be blocked so she could not call in.

Liberally construed, Plaintiff seems to allege that Defendants Deyott, Lockery and Foster were involved in the refusals to give Plaintiff his mail and comply with prison policies. He further alleges that Ross Swanson and Major Dennis Woods were made aware of the issues Plaintiff was having with the mail room and refused to correct the situation. Additionally, he alleges that Defendant Woods personally caused damage to Plaintiff's magazines and refused a magazine that was in compliance with prison rules.

## III. ANALYSIS

### A. Mail Claims

As set forth in the Court's prior Order, inmates have a First Amendment right to send and receive mail. "It is well settled that the First Amendment protects the flow of information to prisoners." *Crofton v. Roe*, 170 F.3d 957 (9th Cir. 1999). This includes the right to send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 407, 109 S.Ct. 1874, 1878-79, 104 L.Ed.2d 459 (1989); *see also Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995)). Prison officials may adopt regulations that impinge on that constitutional right but only if "the

regulation . . . is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Plaintiff alleges that he complied with the prison's mail policies but Defendants refused him letters from his family and magazine subscriptions. The Court has considered whether Plaintiff's claims about his mail are frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Plaintiff has a reasonable opportunity to prevail on the merits if the allegations of the complaint are proven. *See* 42 U.S.C. § 1997e(g). Plaintiff has technically set forth sufficient facts which, if proven, could raise possible claims against Defendants. The Court draws no conclusions about the truth of Plaintiff's allegations or about the strength of the evidence he might offer to corroborate them. The Court only finds that Plaintiff's claims regarding his mail at the prison are sufficient enough to require a response from Defendants.

**B. Threatening Plaintiff due his Wife's Phone Calls**

Plaintiff describes in his Amended Complaint an incident where he was threatened due his wife's phone call which occurred on March 6, 2007. This claim could not have been exhausted prior to the filing of this lawsuit (since it had not yet occurred). Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 126 S.Ct. 2378 (2006). Exhaustion must occur *prior* to filing suit. *McKinney v. Carey,* 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The 42 U.S.C. § 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE - CV-07-030-H-DWM-RKS  / PAGE 4

*Porter v. Nussle,* 435 U.S. 516, 532 (2002).

Although Rule 15 of the Federal Rules of Civil Procedure provides for amended and supplemental pleadings, the PLRA requires a prisoner to properly exhaust his claims prior to filing suit.  In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." *Harris v. Garner,* 216 F.3d 970, 982 (11th Cir. 2000); *Williams v. Adams*, 2007 WL 1595457 (E.D.Cal. 2007)(citing *Harris* and not allowing plaintiff to supplement his complaint with new claims which accrued after he filed his original complaint); *Price v. Caruso*, 2007 WL 2914232 (W.D. Mich. 2007) (citing *Harris*).  Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." *Harris*, 216 F.3d at 983.

Plaintiff cannot add new claims to his complaint regarding incidents which occurred after the filing of his original complaint.  This would allow Plaintiff to thwart the mandate of 42 U.S.C. § 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. *McKinney,* 311 F.3d at 1199-1201.  Thus, Plaintiff's claims regarding the March 6, 2007 incident when he was threatened if his wife did not stop calling the prison will be recommended for dismissal.

Based on the foregoing, the Court enters the following:

**ORDER**

1.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Deyott, Lockery, Foster, Swanson and Woods to waive service of summons by executing, or having their counsel

execute, the Waiver of Service of Summons.[2]  The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**.  If Defendants choose to return the Waiver of Service of Summons, the answer or appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

     2.  The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
PO Box 201301
Helena, MT 59620-1301

*     this Order and Findings and Recommendation;
*     a Notice of Lawsuit & Request to Waive Service of Summons;
*     a Waiver of Service of Summons;
*     Plaintiff's Complaint (Document 2);
*     Order of January 29, 2008 (Document 6); and
*     Plaintiff's Amended Complaint (Document 7).

---

[2]No response is necessary at this time from the defendants which are recommended for dismissal below.

Should counsel determine that they do not represent Defendants in this matter, they should notify the Court's pro se department as soon as possible. Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed. R. Civ. P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Plaintiff <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff

has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to [Rule 41(b) of the Federal Rules of Civil Procedure.](#)

Further the Court issues the following:

## RECOMMENDATION

1.  Defendants Myron Beeson; Jane Doe, correctional officer; Jane Doe, mail room employee; and John Doe, property officer should be **DISMISSED.**

2.  Plaintiff's Claim regarding being threatened due to his wife's phone calls should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to [28 U.S.C. § 636(b)(1),](#) Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this <u>20th</u> day of June, 2008.

/s/ Keith Strong<br>
Keith Strong<br>
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

    A lawsuit has been commenced by an incarcerated pro se plaintiff against the following individuals who you may represent: Denise Deyott, Mark Lockery, Lynn Foster, Ross Swanson and Dennis Woods. A copy of the Complaint and Amended Complaint are attached to this notice. These documents have been filed in the United States District Court for the District of Montana, Civil Action No. CV-07-030-H-DWM-RKS. The Court has completed its pre-screening and concludes that Defendants must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

    This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

    If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except that you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

    If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

    /s/ Keith Strong
    Keith Strong
    United States Magistrate Judge

## WAIVER OF SERVICE OF SUMMONS

TO:     The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: *Deherrera v. Deyott, et. al.*, Civil Action No. CV-07-030-H-DWM-RKS filed in the United States District Court for the District of Montana.  Defendants have also received a copy of the Complaint and Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed. R. Civ. P. 4:

_____; _____;

_____; _____;

_____; _____;

The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand that judgments may be entered against the above-named defendants if an answer or motion under Fed. R. Civ. P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

I decline to waive service on behalf of the following defendants:

_____; _____;

_____; _____;

_____; _____;

_____     _____
DATE                                                     SIGNATURE

                                                                   _____
                                                                   PRINTED/TYPED NAME

                                                                   _____

                                                                   _____
                                                                   ADDRESS