

FILED

AUG 0 1 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| TIMOTHY DEHERRERA,            ) | CV 07-30-H-DWM-RKS |
|              ) | |
|     Plaintiff,          ) | |
|              ) | |
|    vs.              ) | ORDER |
|              ) | |
| DENISE DEYOTT, et al.,    ) | |
|              ) | |
|     Defendants.        ) | |
|              ) | |

Plaintiff Deherrera has filed an Amended Complaint under 42
U.S.C. § 1983 alleging discrimination, harassment, First
Amendment violations, and violations of prison policy.  Plaintiff
is incarcerated at the Montana State Prison.  He was instructed
by Order dated January 29, 2008 to file an Amended Complaint in
which he sets forth the factual basis for each of his claims.
Deherrera alleges that he was denied delivery of letters and
magazines sent to him in compliance with the prison's policies;
that his legal mail was not opened in his presence; that the

-1-

delivery of some packages was unreasonably delayed; and that the
Defendants discriminated against him by refusing to deliver to
him magazines relating to his Mexican heritage.  Plaintiff also
alleges that the Defendants threatened to block his wife's phone
calls if she continued to call the prison.  Some Defendants named
in the Complaint are not named in the Amended Complaint.

United States Magistrate Judge Keith Strong conducted
preliminary screening of the Amended Complaint as required by 28
U.S.C. § 1915(e)(2).  Under that statute, the court engages in a
preliminary screening to assess the merits of the claims and
identify cognizable claims, or dismiss the complaint or any
portion thereof if the complaint is frivolous, malicious, or
fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in this
matter on June 20, 2008.  Judge Strong ordered that the mail
claims be served, and recommends dismissal of the Plaintiff's
claim that Defendants threatened to block his wife's phone calls.
The Magistrate recommends dismissal of the phone call claim
because it occurred after the filing of this action and therefore
is not exhausted as required by 42 U.S.C. § 1997e(a).

Plaintiff Deherrera did not timely object and so has waived
the right to de novo review of the record.  28 U.S.C. §
636(b)(1).  This Court reviews the Findings and Recommendation
for clear error.  McDonnell Douglas Corp. v. Commodore Bus.
Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error
exists if the Court is left with a "definite and firm conviction

-2-

that a mistake has been committed." <u>United States v. Syrax</u>, 235

F.3d 422, 427 (9th Cir. 2000).  I can find no clear error with

Judge Strong's recommendation and therefore adopt it in full.

    Accordingly, IT IS HEREBY ORDERED:

1.    The claims against Defendants Myron Beeson, Jane Doe

(correctional officer), Jane Doe (mail room employee), and John

Doe (property officer) are DISMISSED.

2.    Plaintiff's claim alleging threats arising from his wife's

phone calls is DISMISSED WITHOUT PREJUDICE for failure to exhaust

administrative remedies.

    DATED this __ day of August, 2008.

                        _____
                        Donald W. Molloy, District Judge
                        United States District Court